UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **PREMIER COLORSCAN** | ) | **CASE NO.1:15CV1900** |
| **INSTRUMENTS PVT. LTD.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **Q-LAB CORPORATION,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter comes before the Court upon the Motion for Partial Summary Judgment of Defendant Q-Lab Corporation.  For the following reasons, and based upon the applicable law, arguments, motion and briefs, Defendant's Motion for Summary Judgment is granted.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, Premier Colorscan Instruments Pvt. Limited ("Plaintiff"), is engaged in the business of manufacturing color-matching spectrophotometers and software.  Defendant, Q-Lab Corporation ("Defendant"), is a global provider of material durability testing products relating to weathering, light stability and corrosion ("the Products").  Defendant appointed Plaintiff as

its exclusive sales and service agent for the Products in the western and northern states and territories of India from 2003 to 2014. In 2012, Defendant and Plaintiff entered into an Agreement of Understanding ("the Agreement") memorializing the parties' exclusive relationship. Under section 6.1 of the Agreement, the parties agreed that the Agreement was terminable at will "[b]y either party upon ninety (90) days written notice. . . without the need for justification." Under Section 6.2, the parties agreed that in the event of notice of termination, Plaintiff would provide Defendant with a list of all pending sales projects within 7 days and honor all outstanding pending sales for a period of 90 days after notice of termination. Under section 7.3, the parties expressly agreed that "any changes or alterations to this Agreement are to be discussed and shall only be valid if mutually agreed upon by the Parties in writing."

On November 26, 2014, a disagreement arose between the parties as to the meaning of "textile market" that Defendant attempted to modify to "exclude all items that are meant typically for outdoor use. . ." Plaintiff objected to and refused to accept the modification. On December 6, 2014, Defendant informed Plaintiff that per section 6.1 of the Agreement, Defendant was providing Plaintiff with the 90 day termination notice. On September 16, 2015, Plaintiff filed a Complaint asserting breaches of contract (pre-termination and post-termination breaches, wrongful termination) and unjust enrichment.

On March 10, 2016, Defendant filed a Motion for Partial Summary Judgment, asserting that according to Ohio law, there can be no "wrongful termination" when a contract expressly states that its termination is at-will; the implied duty of good faith and fair dealing is not an independent cause of action ("Count II" of the Complaint) and that unjust enrichment is unavailable when an express contract covers the subject ("Count IV" of the Complaint).

## II. **LAW AND ANALYSIS**

**STANDARD OF REVIEW**

Summary Judgment should be granted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R.Civ. P. 56(a). The burden is on the moving party to conclusively show no genuine issue of material fact exists. *Celotex Corp. v Catrett,* 477 U.S. 317, 323 (1986); *Lansing Dairy. Inc. V. Espy,* 39 F. 3d 1339, 1347 (6th Cir. 1994). The moving party must either point to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *Matsushita Elec. Indus. Co. V. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). Once the movant presents evidence to meet its burden, the nonmoving party may not rest on its pleadings, but most come forward with some significant probative evidence to support its claim. *Celotex,* 477 U.S. at 324; *Lansing dairy*, 39 F.3d at 1347.

The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v Liberty Lobby, Inc.* 477 U.S. 242, 247-48 (1986) (emphasis in original); *accord Leadbetter v Gilley,* 385 F. 3d 683, 689-90 (6th Cir. 2003). A fact is only material if its resolution "might affect the outcome of the suit under governing law." *Anderson*, 477 U.S. at 248.

The Court does not have the responsibility to search the record *sua sponte* for genuine

issues of material fact. *Betkerur v. Aultman Hospital Ass'n.,* 78 F. 3d 1079, 1087 (6th Cir. 1996); *Guarino v. Brookfield Township Trustees,* 980 F. 2d 399, 404-06 (6th Cir. 1992). The burden falls upon the nonmoving party to "designate specific facts or evidence in dispute," *Anderson*, 477 U.S. at 249-50; and if the nonmoving party fails to make the necessary showing on an element upon which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. Whether summary judgment is appropriate depends upon "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a mater of law." *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.*, 323 F. 3d 386, 390 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251-52).

A moving party can meet its burden under Rule 56(c) by "showing that there is an absence of evidence to support the non-moving party's case." *Celotex v. Catrett*, 477 U.S. 317, 325 (1986). Regardless of the nature of the motion, whether Motion for Summary Judgment or Motion for Judgment on the Pleadings, the Court will have the same analysis.

**APPLICABLE SUBSTANTIVE LAW**

Subject-matter jurisdiction in this case is based on diversity of citizenship under 28 U.S.C. § 1332(a) because: (a) Plaintiff is a citizen of a foreign state and Defendant is a citizen of Ohio, and (b) the matter in controversy exceeds the sum or value of $75,000. For contract cases such as this, "Ohio choice of law rules mandate that the law of the state with the more significant relationship to the contract should govern disputes arising from it. To determine which state has the most significant relationship to the contract, Ohio law has adopted the test set forth in the Restatement (Second) of Conflict of Laws § 188." *Nat'l Union Fire Ins. Co v. Watts,* 963 F.2d

148, 150 (6th Cir. 1992).  Section 188 of the Restatement (Second) provides, in relevant part:

> In the absence of an effective choice of law by the parties (see § 187), the contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
>
> 1. (a) the place of contracting,
>
>    (b) the place of negotiation of the contract,
>
>    (c) the place of performance,
>
>    (d) the location of the subject matter of the contract, and
>
>    (e) the domicil, residence, nationality, place of incorporation and place of business of the parties.

Plaintiff's claims all arise from, and relate to, the Agreement.  Although the Agreement provides that it is "subject to U.S. law" (Agreement § 7.5), it does not identify any particular state law that should apply.  Considering the factors set forth in the Restatement and that Defendant is an Ohio corporation with its corporate headquarters in Ohio and that the Agreement was negotiated, executed, performed and terminated by Defendant in Ohio, Ohio has the most significant relationship to the contract.  Therefore, Ohio law applies.

**ISSUES PRESENTED**

### A. Wrongful Termination and Violation of an Implied Duty of Good Faith - Count II

Plaintiff's Complaint contains four counts: Count II alleges (a) a "wrongful termination" of the Agreement as a retaliation because Plaintiff objected to Defendant's attempt to re-define the term "textile market" and; (b) the violation of the duty of good faith and fair dealing.  Defendant asserts that Summary Judgment should be granted on Count II because: (1) Defendant cannot be held liable for an alleged "wrongful

termination" of an Agreement that expressly allowed for termination "without the need for justification" (Section 6.1 of the Agreement); and (2) the duty of good faith and fair dealing is not an independent cause of action.

**Defendant's Arguments**

First, regarding the wrongful termination claim, Defendant argues that because the Agreement allowed either party to terminate without need of justification, Defendant is entitled to have the Agreement enforced because "under the law generally applicable to Contracts, a contracting party is entitled to enforce the terms of the contract as written, and bad faith could not attach to such enforcement of explicit contractual rights." *CosmetiCredit, L.L.C. v. World Fin. Network Nat'l Bank*, 24 N.E.3d 762, 774 (Ohio Ct. App. 2014). Defendant notes that "where termination of a contract may be done by either party for any reason whatsoever, there will be no inquiry into the motive for termination as it is irrelevant." *Midwestern Indem Co. v. Luft & Assocs. Ins. Agency, Inc.*, No. 87QAP-541, 1987 WL 31285, at *2 (Ohio Ct. App. 1987). Finally, Defendant denies that it attempted to "unilaterally re-define" the term "textile market" and that termination was in bad faith.

Second, regarding Plaintiff's claim that Defendant's termination of the Agreement violated its "contractual duty of good faith and fair dealing" because Defendant wrongfully terminated the Agreement in bad faith, Defendant contends that the implied duty of good faith and fair dealing is not an independent cause of action in Ohio law. *Frisch v. Nationwide Mut. Ins. Co.,* 553 F. App'x. 477, 482 (6th Cir. 2014). Further, Defendant counters that an implied covenant cannot be invoked to impute some

6

sort of "termination only for just cause" limitation where the contract expressly provides that it can be terminated without justification because "the Agreement of the parties to a written contract is to be ascertained from the language of the instrument itself." *Hamilton Ins. Servs., Inc. v. Nationwide Ins. Cos.*, 714 N.E.2d 898, 901 (Ohio 1999). Moreover, Defendant argues that "[i]n fact, the implied duty of good faith has been limited to 'situations where one of the parties lacked good faith at the time he or she bargained for the termination right.'" Thus, if properly bargained for, the right is given full effect and may be exercised for any reason. *Belfrance v. Standard Oil*, No. 14688, 1990 WL 203173 at *4 (Ohio App. 9th Dist. Dec. 12. 1990). Therefore, according to Defendant, the assertion of a violation of the duty of good faith and fair dealing as an independent cause of action fails because it is not recognized in Ohio.

**Plaintiff's Arguments**

Concerning the wrongful termination claim, Plaintiff argues that Ohio law is not very clear on the issue whether a claim for bad faith termination can lie where a contract contains a termination provision and many cases determine that "the law still imposes upon the parties a duty to only terminate the agreement in good faith." *Prudential Ins. Co. v. Eslick*, 586 F Supp. 763 (S.D.Ohio 1984); *Smith v Franck R. Schoner, Inc.*, 115 N.E.2d 25, 27 (Ohio. Ct. App. 1953); *Randolph v. New england Mut. Life Ins. Co.*, 526 F.2d 1383, 1986-87 (6th Cir. 1975). Defendant properly argues that those last cases have been limited to circumstances "where the purpose of the [alleged] bad faith termination was to unscrupulously defraud the employee of commissions or other monies due and owing." Further, Plaintiff contends that in *CosmetiCredit* (primary case for

7

relief cited in Defendant's Motion), "the bad faith allegation was founded on the theory that the court should ignore an explicit contractual provision prohibiting the pass through of fees to customers," whereas the Agreement here only allows termination without justification but not termination in violation of the implied covenant of good faith and fair dealing.  Thus, according to Plaintiff, the Court should give effect to the termination provision in the Agreement that a party "can terminate for any reason or no reason at all, save an illegal reason such as a violation of the duty of good faith and fair dealing." Plaintiff contends that if the Court agrees with Defendant, the Court would make an inference that the parties intended at the time of drafting that the termination provision could be used by the breaching party to terminate to avoid liability for its own breach which is unenforceable under Ohio law because contracting parties are prohibited from disclaiming the duty of good faith.

Regarding the duty of good faith claim, Plaintiff alleges that under Ohio law, "there is an implied duty of good faith and fair dealing in every contract." *CosmetiCredit,* 24 N.E.3d at 773; Restatement (Second) of Contracts § 205 (1981).  Good faith is defined as "an implied undertaking not to take opportunistic advantage in a way that could not have been contemplated at the time of drafting, and which therefore was not resolved explicitly by the parties."  *CosmetiCredit,* 24 N.E. 3d at *35.  Further, Plaintiff asserts that good faith "ensure[s] that a party does not violate community standards of decency, fairness, or reasonableness."  *Northwest, Inc. v. Ginsberg*, 134 S. Ct. 1422, 1431 (2014).  Thus, according to Plaintiff, the duty could not be, and was not, disclaimed by the Agreement and the parties were obligated to deal in good faith as

8

defined above. Finally, Plaintiff correctly argues that "while breach of a duty of good faith and fair dealing is not an independent claim, it can be raised as part of a breach of contract claim." *Ziegler v. Findlay Indus., Inc.,* 464 F. Supp. 2d 733, 740 (N.D. Ohio 2006) (citing *Littlejohn v. Parrish*, 839 N.E.2d 49, 50 (2005)).

## **Under Ohio Law The Implied Covenant of Good Faith and Fair Dealing Is Implicated By Acts Or Omissions That Could Not Have Been Contemplated At the Time Of Drafting**

The implied duty of good faith and fair dealing is not an independent cause of action in Ohio. However, if the claim is raised as part of a breach of contract claim, the absence of an independent cause of action is not relevant. *Ziegler*. Nonetheless, the duty of good faith claim has not been properly raised here.

Under Ohio law, the duty of good faith and fair dealing is implied in every contract when a right has not been explicitly determined by the parties in their Agreement. The Ohio Supreme Court has explained that the implied covenant of good faith and fair dealing is implicated by acts or omissions "that could not have been contemplated at the time of drafting, and which there w[ere] not resolved explicitly by the parties." *Wendy's International Inc. v. Ronald F. Saverin,* 337 Fed.Appx. 471 at *477 (citing *Ed Schory & Sons,* 662 N.E.2d 1082-83). Indeed, Plaintiff's reasoning "ignores the principle that the implied duty of good faith cannot be breached by acting as allowed by the specific terms of the contract." *Id.* Thus, "firms that have negotiated contracts are entitled to enforce them to the letter, even to the great discomfort of their trading partners, without being mulcted." *Id.* quoting *Ed Schory & Sons* citing *Kham & Nate's Shoes No. 2, Inc. v. First Bank of Whiting,* 908 F.2d 1351, 1357-58 (7th Cir.

9

1990). Indeed, Defendant enforced its contractual rights to terminate the Agreement without the need of justification and by "merely realizing the benefit of its bargain[. . .] did not constitute 'bad faith.'" *Summitcrest, Inc. v. Eric Petroleum Corp.,* No. 12 CO 0055 (Ct. App. Ohio 2016) 2016 WL 884701 at §60 quoting *McClure v. Northwest Ohio Cardiology Consultants, Inc.*, 6th Dist., 2012 WL 929623. Therefore, "to infer that termination may be based only upon just cause would directly contradict the express terms of the [...] Agreement." *Hamilton* at*274. Because there is no implied duty of good faith in the expressed right to terminate the Agreement , there is no genuine dispute of facts regarding the wrongful termination of the Agreement. Therefore, the Court grants Defendant's Summary Judgment on Count II.

## B. Availability of Unjust Enrichment for a Contract Claim If There is Fraud or Bad Faith - Count IV

Plaintiff requests the Court render judgment in its favor against Defendant in the amount that Defendant has been unjustly enriched by the benefits conferred by Plaintiff. The benefits include continuing to profit from Plaintiff's efforts to make the Products well known and completing sales based on the post-termination pending sales list and the notices of sales inquiries and leads provided to Plaintiff by Defendant in compliance with Section 6.2 of the Agreement.

According to Defendant, "Ohio law is clear that a plaintiff may not recover under the theory of unjust enrichment when an express contract covers the same subject*.*" *CoMa Ins. Agency, Inc. V. Safeco Ins. Co.,* 526 F. App'x 465, 469 (6th Cir. 2013) (quoting *Aerel, S.R.L. v. PCC Airfoils, LLC*, 371 F. Supp. 2d 933, 943 (N.D. Ohio 2005),

and collecting cases). Defendant argues that because there is no dispute that the subject of the Agreement was Plaintiff's appointment as Defendant's exclusive sales and service agent for Defendant's products, an express contract covers the same subject matter as Plaintiff's unjust enrichment claim. Thus, according to Defendant, Plaintiff cannot recover under that equitable theory. Plaintiff does not deny that an equitable action for unjust enrichment is not available when an express contract covers the subject-matter but correctly asserts that unjust enrichment, however, is an available claim under Ohio law, even where there is an existing contract when there is fraud or bad faith. *Aerel, S.R.L. v. PCC Airfoils, LLC*, 371 F.Supp. 2d 933, 943 (N.D. Ohio 2005) (citing *Ullmann v. May*, 72 N.E.2d 63 (1947)). According to Plaintiff, Defendant acted in bad faith in terminating the Agreement in an attempt to escape the liability for its own breach (unilaterally re-defining "textile market", which Defendant argues was not a term of the Agreement) and thus, equitable action for unjust enrichment is available. Finally, Plaintiff asserts that unjust enrichment is independently available as a claim for Defendant's post-termination wrongdoing when Defendant has retained benefits without paying Plaintiff for them.

Under Ohio law, there are three elements Plaintiff must prove in order to make a claim for unjust enrichment. There must be: (1) a benefit conferred by the plaintiff upon the defendant, (2) knowledge by the defendant of the benefit, and (3) retention of the benefit under the circumstances where it would be unjust to do so without payment. *Reisenfeld & Co. v. Network Group, Inc.*, 277 F.3d 856, 860 (6th Cir. 2002). The doctrine of unjust enrichment does not apply when a contract actually exists; rather, it

is an equitable remedy to be used only when the court finds there is no contract." *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818 (6th Cir. 2006) (citing *All Occasion Limousine v. HMP Events*, No.2003-L-140, 2004 WL 2803383 at *4 (Ohio Ct.App. Sept. 24, 2004)). "In the absence of fraud or bad faith, a person is not entitled to compensation on the ground of unjust enrichment if he received from the other that which it was agreed between them the other should give in return."*Teknol, Inc. v. Buechel,* No. C-3-98-416, 1999 WL 33117391 (S.D. Ohio Aug.9, 1999); *Aerel, S.R.L. v. PCC Airfoils, LLC*, 371 F.Supp. 2d 933, 943 (N.D. Ohio 2005) (citing *Ullmann v. May,* 72 N.E.2d 63 (1947)).

Here, Plaintiff demonstrates the benefit conferred to Defendant, that Defendant acknowledged the benefit verbally and in writing, both before and after termination and that Defendant has failed and refused to compensate Plaintiff for the benefits. There is no dispute that the parties' relationship was governed by the Agreement; Plaintiff asserts it in its Complaint and Defendant admits it in its Answer. However, Plaintiff pleads Defendant's bad faith in terminating the Agreement, which is not plausible, but does not plead Defendant's bad faith in unilaterally redefining the terms of the Agreement nor in refusing to compensate Plaintiff sales commissions on orders accomplished post-termination. Because Plaintiff has not alleged fraud or bad baith in its unjust enrichment claim, Plaintiff does not demonstrate an issue of material fact. Therefore, the Court grants Defendant's Motion on Count IV.

### III. **CONCLUSION**

Plaintiff has not asserted facts establishing a genuine dispute over material facts between the parties. Defendant has satisfied its burden of establishing that the breach

of the duty of good faith cannot be raised to contradict the explicit terms of the Agreement and that unjust enrichment is unavailable. Upon review of the motion, briefs, arguments and applicable law, and for the reasons articulated above, the Court grants Defendant's Motion for Partial Summary Judgment on both Counts II and IV.

**IT IS SO ORDERED.**


                                 **S/Christopher A. Boyko**
                                 **CHRISTOPHER A. BOYKO**
                                 **United States District Judge**